OPINION
{¶ 1} On December 19, 2005, appellee, Tuscarawas County Job and Family Services, filed a complaint for the temporary custody of Anthony Reynolds born October 14, 2004, alleging the child to be neglected and dependent (Case No. 05JN00704). Mother of the child is appellant, Alicia Noack; father is Brian Reynolds. Following hearings, the trial court found the child to be neglected and dependent, and continued the child's temporary placement with appellee. See, Judgment Entry filed March 15, 2006.
 {¶ 2} On April 7, 2006, appellant had a second child, Trinity Reynolds. At birth, the child tested positive for illegal drugs. On April 10, 2006, appellee filed a complaint for the temporary custody of the child (Case No. 06JN00199).
 {¶ 3} On March 22, 2007, appellee filed a motion to modify dispositions regarding both cases. Appellee sought permanent custody of both children due to the parents' failure to comply with the case plan.
 {¶ 4} A hearing was held on August 22, 2007. By judgment entry filed August 27, 2007, the trial court granted permanent custody of the children to appellee.
 {¶ 5} Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
 I {¶ 6} "THE TRIAL COURT ERRED IN AWARDING PERMANENT CUSTODY TO JOB AND FAMILY SERVICES AS JOB AND FAMILY SERVICES FAILED TO PROVE BY CLEAR AND CONVINCING EVIDENCE THAT THE CHILDREN COULD NOT BE PLACED WITH MOTHER IN A REASONABLE AMOUNT OF TIME, AND *Page 3 
THAT AN AWARD OF PERMANENT CUSTODY WAS IN THE CHILDREN'S BEST INTEREST."
 I {¶ 7} Appellant claims the trial court's decision to grant permanent custody to appellee was not supported by clear and convincing evidence. In addition, appellant claims no testimony was presented to establish the children's best interest was best served by granting permanent custody to appellee. We disagree.
 {¶ 8} As an appellate court, we neither weigh the evidence nor judge the credibility of the witnesses. Our role is to determine whether there is relevant, competent and credible evidence upon which the fact finder could base its judgment. Cross Truck v. Jeffries (February 10, 1982), Stark App. No. CA-5758. Accordingly, judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed as being against the manifest weight of the evidence. CE. Morris Co. v. Foley Construction (1978),54 Ohio St.2d 279.
 {¶ 9} R.C. 2151.414(E) sets out the factors relevant to determining permanent custody. Appellee argues the provisions of subsection (E)(1) are clearly demonstrated by the evidence and support the order of permanent custody to appellee:
 {¶ 10} "(E) In determining at a hearing held pursuant to division (A) of this section or for the purposes of division (A)(4) of section2151.353 of the Revised Code whether a child cannot be placed with either parent within a reasonable period of time or should not be placed with the parents, the court shall consider all relevant evidence. If the court determines, by clear and convincing evidence, at a hearing held pursuant to division (A) of this section or for the purposes of division (A)(4) of section 2151.353 of *Page 4 
the Revised Code that one or more of the following exist as to each of the child's parents, the court shall enter a finding that the child cannot be placed with either parent within a reasonable time or should not be placed with either parent:
 {¶ 11} "(1) Following the placement of the child outside the child's home and notwithstanding reasonable case planning and diligent efforts by the agency to assist the parents to remedy the problems that initially caused the child to be placed outside the home, the parent has failed continuously and repeatedly to substantially remedy the conditions causing the child to be placed outside the child's home. In determining whether the parents have substantially remedied those conditions, the court shall consider parental utilization of medical, psychiatric, psychological, and other social and rehabilitative services and material resources that were made available to the parents for the purpose of changing parental conduct to allow them to resume and maintain parental duties."
 {¶ 12} Appellant argues in its August 27, 2007 judgment entry, the trial court made the following specific findings which are not supported by the evidence:
 {¶ 13} "The Court finds the following facts to be true by clear and convincing evidence:
 {¶ 14} "2. Both parents exhibit serious, long-term psychological difficulties. These difficulties have been clearly delineated in the psychological evaluations made part of this record as well as the (sic) during the testimony of Barbara Schwartz, LPCC.
 {¶ 15} "4. It is the opinion of this Court that she [appellant] continues to lie about her continued involvement with Brian Reynolds despite his charge of domestic violence in which she was the victim. Both parties have violated a temporary protective order *Page 5 
issued by the Municipal Court, and Ms. Noack clearly demonstrates no real concern over her relationship with Mr. Reynolds. She shows no real insight into the deficits revealed in her psychological evaluation, and she continues to blame others for her parenting problems. Ms. Schwartz considers her motivation for change to be minimal.
 {¶ 16} "5. In addition to her pressing, untreated psychological issues, Ms. Noack tested positive for marijuana, ecstasy, and cocaine while she was pregnant. After contracting lice, Ms Noack treated it by simply shaving her head. At times, she refuses to follow simple instructions at the visits with her children. She is unable to maintain employment, transportation, or housing. She has no driver's license.
 {¶ 17} "10. Both parties demonstrate the need for long-term, intense therapy, to which neither of them show any commitment. Mr. Reynolds has failed to obtain a psychiatric evaluation as recommended by Ms. Schwartz. Neither party made any attempt to attend a follow-up appointment with Ms. Schwartz to review the psychological assessment and its recommendations, even though a follow-up appointment was offered.
 {¶ 18} "11. Based upon their psychological profiles, this couple is a classic example of abuser and victim, complete with denial, excuses, lies, and pathological dependence that are typical of an unhealthy, abusive relationship.
 {¶ 19} "12. Neither parent actively participated in the parenting classes they attended nor did they demonstrate any internalization or use of the information offered. On one occasion, Ms. Noack commented that the information was useless or that she already knew the things being taught. On various occasions, Mr. Reynolds was unable or unwilling to stay awake. *Page 6 
 {¶ 20} "14. During three hours of supervised visitation, Ms. Noack demonstrates many appropriate child care skills, but continues to insist that Mr. Reynolds is not in need of any anger management therapy because he would never hurt his children. At the same time, Mr. Reynolds is completely incapable of the smallest child care tasks without being directed by Ms. Noack."
 {¶ 21} Because appellant/mother is the only one who appealed the trial court's decision, we will address the specific findings as they relate to her.
 {¶ 22} We have examined the record sub judice and find the specifics of each of the challenged findings of fact to be present in the record. The one exception was appellant's use of cocaine while pregnant. The testimony established at birth, Trinity tested positive for ecstasy and appellant tested positive for marijuana. T. at 133. The testimony further established appellant submitted a number of urines since the birth of the child, and had been successful in her treatment for drug addiction. T. at 199-201. Apart from this discrepancy, we find the record supports the other findings.
 {¶ 23} It was basically uncontested that both parents have psychological issues that need long-term counseling. T. at 12-24. Appellant was resistive to the assessment and did not begin counseling until three months prior to the permanent custody hearing, claiming to be too busy. T. at 13, 136-137. Barbara Schwartz, a licensed clinical therapist who evaluated the parents, opined the parents were in a classic abuser/victim relationship. T. at 23. Appellant was overly dependent on Mr. Reynolds's aunt and uncle for help, despite the fact that appellee counseled against the aunt and uncle as appropriate. T. at 176-179. Although the parents moved into independent appropriate *Page 7 
housing with appellee's help, they no longer reside there. T. at 140-141. Appellant has had numerous jobs, but none for long term. T. at 138-139.
 {¶ 24} Appellant was a victim of domestic violence at the hands of Mr. Reynolds. She refused to obey a no-contact order, and refused to admit to violating the order despite two witnesses to the contrary. T. at 62-64. Appellant justified Mr. Reynolds's anger issues and made excuses for his outbursts. T. at 102.
 {¶ 25} As previously noted, appellant's commitment to the case plan was precipitated by the up-coming permanent custody hearing. Appellant has been resistive to appellee's suggestions on parenting. T. at 61-62, 67-69, 105. She had a "know-it-all" attitude to the parenting classes, and was a spectator in the classes instead of being a participant. T. at 59, 108-109.
 {¶ 26} Although it is technically correct that appellant followed the mandates of the case plan, she was in fact only going through the motions. It is unclear where appellant is currently residing. T. at 4-5, 140-141. At one point, she claimed to be "house sitting" for a friend in Canton. T. at 4-5. Whenever appellant forgets essential items for the children during visits, i.e., diapers, wipes, she chooses to blame others. T. at 103-104.
 {¶ 27} In reviewing the record as a whole, we find the trial court did not err. It is clear appellant has gone through the motions of the case plan, but in fact her improvement was no further along than it was at inception. The trial court was correct in concluding that after an extension of six months, neither parent would be able to have custody of the children within a reasonable length of time. Anthony had been in appellee's custody twelve out of the last twenty-two months. We further find the trial *Page 8 
court was presented with specific evidence of the best interest of the children. T. at 152-155.
 {¶ 28} Upon review, we find the trial court did not err in granting permanent custody of the children to appellee.
 {¶ 29} The sole assignment of error is denied.
 {¶ 30} The judgment of the Court of Common Pleas of Tuscarawas County, Ohio, Juvenile Division is hereby affirmed.
 Farmer, P.J., Delaney, J. concurs and Edwards, J concurs separately. *Page 9